IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Gene Edward Harrell, Jr., As the Personal Representative of the Estate of Gene Edward Harrell, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Duke University Health System, Inc., | ) ) ) |
| Defendant. | ) |

C.A. No. 7:07-813-HMH

**OPINION & ORDER**

This matter is before the court on Duke University Health System, Inc.'s ("DUHS") motion to seal certain documents pursuant to Local Civil Rule 5.03 of the District of South Carolina. DUHS seeks to file under seal, as an exhibit to its motion to dismiss, or in the alternative, to transfer, an agreement entitled "Agreement Between Duke University and South Carolina Oncology Associates, P.A." ("Agreement").

In Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit noted that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." (Internal quotation marks omitted). However, there is a presumption in favor of public access to court records. Id. In order to seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Id. Public notice has been satisfied through docketing of DUHS's motion to seal. See D.S.C. Local Civ. R. 5.03(D).

With respect to the remaining factors, the court finds that the Agreement should be sealed. The Agreement contains confidential and proprietary information that could damage DUHS if disclosed. Therefore, the court finds that DUHS's interest in non-disclosure of proprietary information outweighs the public's right to access to these documents. See Emergency Fuel, LLC v. Pennzoil-Quaker State Co., 187 F. Supp. 2d 575, 583 (D. Md. 2002) (sealing confidential commercial information because "public disclosure could unfairly damage the parties' business and financial interests"), aff'd in part, rev'd in part on other grounds, and remanded, No. 02-1391, 2003 WL 21772131, at *1 (Fed. Cir. July 25, 2003) (unpublished). Moreover, the court has considered less drastic alternatives to sealing the documents. However, after a review of the Agreement, the court finds that it is not possible to redact the records because it would render them meaningless. Therefore, based on the foregoing, the court grants DUHS's motion to seal.

It is therefore

**ORDERED** that DUHS's motion to seal, docket number 64, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 18, 2007